# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| M.D. and M.D.,<br><br>    Plaintiffs,<br>v.<br><br><br>ANTHEM HEALTH PLANS OF KENTUCKY,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [80] PLAINTIFFS' MOTION FOR ATTORNEY FEES**<br><br>Case No. 2:17-cv-00675-JNP-CMR<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned in accordance with 42 U.S.C. § 636(b)(1)(A) (ECF 16; ECF 87). Before the court is Plaintiffs M.D. and M.D.'s (Plaintiffs) Motion for Award of Attorney Fees Relating to Claims for Payment of Aspiro Wilderness Treatment (ECF 80) (the Motion). Defendant Anthem Health Plans of Kentucky (Defendant) opposes the Motion challenging the reasonableness of the requested fees (ECF 81). Having carefully considered the parties' submissions and the relevant law, the court enters the following Memorandum Decision and Order.

## I. BACKGROUND

Plaintiffs assert denial of benefits claims against Defendant pursuant to Section 1132 of the Employee Retirement Income Security Act of 1974 (ERISA). *See* 29 U.S.C. § 1132(a)(1)(B). Plaintiffs allege that Defendant wrongfully denied coverage for mental health treatment at Aspiro Wilderness Adventure Therapy (Aspiro) and Uinta Academy (Uinta). In June 2018, the parties filed cross motions for summary judgment on Plaintiffs' claims for denial of coverage for Aspiro services and Uinta services (ECF 38; ECF 40). On February 13, 2019,

the court issued a memorandum decision (1) granting summary judgment to Defendant on the claim relating to Uinta services; and (2) granting summary judgment to Plaintiffs on the claim relating to Aspiro services (ECF 69). The court also granted in part Plaintiffs' request for attorney's fees and instructed Plaintiffs to file a petition for fees relating to the Aspiro claim (ECF 69, at 24).

On April 4, 2019, Plaintiffs filed their Motion requesting $25,323 in attorney's fees calculated by multiplying the total hours spent on this case by the applicable hourly rate and then dividing that amount in half[1] (ECF 80). Defendants filed an opposition arguing that (1) the hourly rates of $600 for lead attorney Brian King (Mr. King) and $195 for his paralegal Linda Bosen (Ms. Bosen) are high; (2) the 52.8 hours billed by Mr. King and the 64.5 hours billed by his associate Nediha Hadzikadunic (Ms. Hadzikadunic) in briefing summary judgment memoranda are excessive; and (3) the court should award 20% of the total fees incurred rather than 50% (ECF 81). In their reply, Plaintiffs argued that neither their hourly rates nor amount of time billed were excessive and that allocating 50% of the total fees to the Aspiro claim is appropriate (ECF 83). The court addresses each of the parties' arguments in turn.

## II.     LEGAL STANDARD

In determining the amount of a fee award, the court begins with the lodestar figure, which is calculated "by multiplying the hours [] counsel reasonably spent on the litigation by a reasonable hourly rate." *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998) (citation and internal quotation marks omitted). The party requesting fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir.

---

[1] Plaintiffs also excluded time that appeared to solely relate to the Uinta claim (ECF 80, at 6).

2

1986) (citation and internal quotation marks omitted). Ultimately, the court "has discretion in determining the amount of a fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

### III. DISCUSSION

#### A. Hourly Rate

Defendant challenges the reasonableness of the hourly rates for Mr. King and Ms. Bosen. The party requesting fees "bears the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *United Phosphorous, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir. 2000) (citation and internal quotation marks omitted). The court "should base its hourly rate award on what the evidence shows the market commands for . . . analogous litigation." *Id.* (citation and internal quotation marks omitted). "The court may not use its own knowledge to establish the appropriate rate unless the evidence of prevailing market rates before the court is inadequate." *Id.*

##### 1. Mr. King's Rate

Defendant contends that Mr. King's requested national rate of $600 is excessive and requests that his rate be reduced to $450 (ECF 81, at 3–4). Defendant's counsel Jessica P. Wilde (Ms. Wilde) submitted a declaration affirming that the typical rates for partners in Salt Lake City range from $290 to $440 per hour (ECF 81-1, ¶¶ 4–5). Defendant also relies on case law showing that rates of $600 or higher have been approved in large metropolitan areas, such as New York or San Francisco, but that other district courts have approved of rates ranging from $340 to $375 in ERISA cases (ECF 81, at 5). Defendant further argues that Mr. King has failed to demonstrate that his clients regularly pay him $600 per hour and that plaintiffs are unlikely to pay this rate in a contingency fee arrangement (ECF 81, at 4).

Plaintiffs initially submitted two declarations—one by Mr. King and one by Illinois ERISA attorney Mark D. DeBofsky (Mr. DeBofsky)—affirming that Mr. King's $600 hourly rate is a reasonable national rate for an attorney with his specialized knowledge, experience, reputation, and skill (ECF 80-1, at ¶¶ 10–11; ECF 80-2, at ¶¶ 12–13). In their reply, Plaintiffs submitted a second declaration from Mr. King affirming that he regularly bills and collects at a rate of $600 for ERISA defense work billed on an hourly basis and that he was awarded fees at a rate of $500 in *Lynn R. v. ValueOptions*, No. 2:15-CV-362-RJS-PMW, 2018 WL 1737684, at *4 (D. Utah Feb. 27, 2018), an ERISA benefit recovery case billed on a contingency basis (ECF 83-1, at ¶¶ 4–6, 8). Plaintiffs also rely heavily on a number of cases from other district courts across the nation holding that a national rate is appropriate for ERISA cases (ECF 80, at 4).

The court finds that Plaintiffs have failed to meet their burden to show that Mr. King's $600 hourly rate is reasonable in the relevant market. The court is not persuaded that the application of a national rate is appropriate in this case. While Plaintiffs have provided case law from other district courts and other circuits applying a national rate in ERISA case, they have failed to provide any controlling precedent on the subject. In *Lippoldt v. Cole*, 468 F.3d 1204 (10th Cir. 2006), the Tenth Circuit upheld the district court's application of a local rate where out-of-state counsel sought a national rate as a national expert in his practice area. The Court reasoned that "[u]nless the subject of litigation is so unusual or requires such special skills that only an out-of-state attorney possesses, the fee rates of the local area should be applied even when the lawyers seeking fees are from another area." *Id.* at 1225 (citation and internal quotation marks omitted). Although Mr. King is not an out-of-state attorney, the court finds the reasoning in *Lippoldt* to be persuasive. ERISA law is neither so unusual or requiring of such special skills that only an out-of-state attorney or an in-state attorney billing at a national rate

could perform such work. The court therefore finds that the application of a local rate is appropriate in this case.

The court must next determine a reasonable hourly rate in this market for an attorney of Mr. King's skill, experience, and reputation. The court agrees that the requested hourly rate of $600 is excessive in this market. Plaintiffs rely on only one case from this district where Mr. King received a fee award at an hourly rate of $500, but the court notes that the defendant in the *Lynn R.* case did not challenge the reasonableness of his hourly rate. *See Lynn R.*, 2018 WL 1737684, at *4. In more recent cases, this court has found $400 to be a reasonable hourly rate for counsel in ERISA litigation. *See, e.g.*, *Charles W. v. Regence BlueCross BlueShield of Oregon*, No. 2:17-cv-00824-TC, 2019 WL 6220060, at *3 (D. Utah Nov. 21, 2019); *Foust v. Lincoln National Life Ins. Co.*, No. 2:17-cv-01208-TC, 2019 WL 6223822, at *2 (D. Utah Nov. 21, 2019); *Carlile v. Reliance Standard Life Ins. Co.*, No. 2:17-CV-01049, 2019 WL 8128545, at *2 n.15 (D. Utah Dec. 31, 2019). The court agrees with Defendant that an hourly rate of $450 for Mr. King is appropriate in light of prevailing hourly rates for partners in Salt Lake City and the new calendar year. The court will therefore reduce Mr. King's hourly rate to $450.

    2.    Ms. Bosen's Rate

As to services provided by paralegals, "[t]he court should scrutinize the reported hours and the suggested rates in the same manner it scrutinizes lawyer time and rates." *Case*, 157 F.3d at 1249. For the reasons stated above, the court finds that a local rate is also appropriate for Ms. Bosen's work. Defendant asks this court to reduce Ms. Bosen's rate from $195 to $125 per hour[2] based on decisions from district courts in the Tenth Circuit approving rates between $60

---

[2] It is unclear whether Defendant requests a rate of $120 or $125 as Defendant lists both rates in its opposition (ECF 81, at 6–7). In any event, as explained herein the court finds $125 to be a reasonable hourly rate for Ms. Bosen.

and $100, including one case from this district approving rate of $90 (ECF 81, at 6). *See Flitton v. Primary Residential Mortg., Inc.*, No. 2:03-CV-481-DAK, 2009 WL 1357206, at *3 (D. Utah May 7, 2009), *aff'd,* 614 F.3d 1173 (10th Cir. 2010). Plaintiffs again rely on the *Lynn R.* case in which a portion of Ms. Bosen's work was billed at a rate of $175 and another portion at $195 and on cases from other district courts to support the reasonableness of this rate (ECF 81, at 3; ECF 83, at 2–3). As explained above, Plaintiffs' reliance on the *Lynn R.* case is not persuasive because the defendant did not challenge the reasonableness of the hourly rates in that case. The *Flitton* case is also of little help given that it was decided over a decade ago. The court nonetheless finds Plaintiffs' requested rate of $195 for Ms. Bosen to be excessive in light of the rates approved in this circuit. The court will therefore reduce Ms. Bosen's hourly rate to $125.

**B.     Hours Billed**

Defendant argues that the 52.8 hours billed by Mr. King are excessive in light of his experience litigating ERISA cases and that the 64.5 hours billed by Ms. Hadzikadunic are excessive because her work is duplicative of Mr. King's work (ECF 81, at 7–8). Plaintiffs respond that the amount of hours billed are reasonable considering that this case involved two different treatment facilities and analysis of the Parity Act, and because the amount billed is comparable to other recent cases in which this court awarded fees (ECF 83, at 3–4).

The party claiming fees "has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case*, 157 F.3d at 1250. The court must "reduce the actual number of hours expended to a reasonable number to ensure services an attorney would not properly bill to his or her client are not billed to the adverse party." *United Phosphorous*, 205 F.3d at 1234.

6

Having reviewed the billing records submitted by Plaintiffs, the court finds that the hours billed in this case are reasonable in light of the number of treatment facilities and unique legal issues argued in the summary judgment briefing. Moreover, the hours billed by Mr. King as a supervising attorney reviewing the work of his associate were not duplicative of the hours billed by Ms. Hadzikadunic and would properly be billed to a client. Therefore, the court does not find that a reduction in the number of hours expended is warranted in this case.

### C. Allocation of Fee Award

Defendant contends that an award of 20% of the total fees represents the work necessary to advance the Aspiro claim, taking into account the amount of the claim and the complexity of the issue on which Plaintiffs prevailed (ECF 81, at 9). Defendant notes that, based on Mr. King's declaration, the alleged amount of the Aspiro claim ($32,830) represents approximately 15% of the total claim for benefits, given the much larger amount alleged for the Uinta claim ($187,000) (ECF 81, at 9). Defendant further argues that Plaintiffs prevailed on a single argument, which involved simple contract interpretation and comprised only a limited portion of the briefing on summary judgment (ECF 81, at 10–11). Plaintiffs respond that that the fees requested are less than the amount of the Aspiro claim and cites to the precedential value of counsel's work on this case (ECF 83, at 6).

"There is a presumption that the lodestar amount is a reasonable fee, and the court should deviate only in exceptional cases." *Saenz Mencia v. Allred*, No. 2:11-cv-200, 2017 WL 4480836, at *1 (D. Utah Oct. 6, 2017) (citation and internal quotation marks omitted). The court must nonetheless "carefully evaluate the reasonableness of the fee requested in light of the success achieved and the necessity of the time spent." *Id.* While "[t]here is no precise rule or formula for making these determinations," the court "may attempt to identify specific hours that

should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 436–37. "Where plaintiff's claims involve 'a common core of facts' or are 'based on related legal theories' such that counsel's time cannot be divided on a claim-by-claim basis, 'the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'" *Saenz Mencia*, 2017 WL 4480836, at *2 (quoting *Hensley*, 461 U.S. at 435). This court "necessarily has discretion in making this equitable judgment." *See Hensley*, 461 U.S. at 436–37.

Here, the court agrees with Defendant that a deviation from the lodestar amount is appropriate in light of the limited success achieved by Plaintiffs in prevailing on only one of its two claims for benefits in this case. However, the court finds that Plaintiffs' reduction of its total fees by 50% is an adequate reduction in this case. Although Plaintiffs' two claims involved differing facts for each treatment facility, the claims were based on related legal theories necessitating significant work, and it was therefore not possible for Mr. King and his staff to divide their time on a claim-by-claim basis. In these circumstances, it was appropriate for Plaintiffs' counsel to reduce their claimed fees by 50% where Plaintiffs prevailed only on 50% of their claims. The court also agrees that it is appropriate to subtract .8 hours of Mr. King's work that was clearly expended on the Uinta claim on which Plaintiffs did not prevail. Accordingly, the court in its discretion declines to reduce Plaintiffs' fee award further.

### D. Total Award

As detailed above, the court subtracts .8 hours from Mr. King's total billed hours of 52.8, multiplies 52 hours by a reduced hourly rate of $450, and reduces this amount by 50% for a total of $11,700 in fees awarded. The court multiplies Ms. Hadzikadunic's total billed hours of 64.5 by her hourly rate of $250, and reduces this amount by 50% for a total of $8,062.50 in fees

awarded.  The court multiplies Ms. Bosen's total billed hours of 12.2 by a reduced hourly rate of $125, and reduces that amount by 50% for a total of $762.50 in fees awarded.  The court multiplies Ms. Spencer's total billed time of 0.2 hours by her hourly rate of $100, and reduces this amount by 50% for a total of $10 in fees awarded.   Accordingly, the court awards Plaintiffs a total of $20,535 in fees.

## IV.     CONCLUSION

It is therefore ORDERED that Plaintiffs' Motion is GRANTED IN PART and DENIED IN PART.

DATED this 23 March 2020.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah